IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

SAMMY INARRITO, :
 :
    Petitioner, :
 : CIVIL NO. 1:CV-16-2325
v. :
 : (Judge Conaboy)
KATHY P. LANE, :
 :
    Respondent :

# MEMORANDUM

## I. Introduction[1]

Sammy Inarrito filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 claiming he was deprived of the required due process in connection with a prison disciplinary hearing held on October 23, 2013, after he was found guilty of possession, manufacture, introduction of a hazardous tool (cell phone). (Doc. 1.) Inarrito lost forty-one days of good conduct time because of the disciplinary proceeding. (Id.) At the time he filed his Petition,

---

[1] On February 5, 2017, this case was reassigned from the Honorable William W. Caldwell to the undersigned for further disposition.

Inarrito was incarcerated at Federal Correction Complex-Allenwood Low, in White Deer, Pennsylvania.

We will dismiss the Petition as moot because Inarrito was released from custody on January 5, 2018. See Doc. 12-1, Ex. 1, BOP Inmate Locator, www.bop.gov.

**II. Discussion**

Federal habeas corpus review under § 2241 "allows a federal prisoner to challenge the 'execution' of his sentence." Woodall v. Federal Bureau of Prisons, 432 F.3d 235, 241 - 43 (3d Cir. 2005). Habeas corpus review is available "where the deprivation of rights is such that it necessarily impacts the fact or length of detention." Leamer v. Fauver, 288 F.3d 532, 540 (3d Cir. 2002). Generally, a petition for habeas corpus relief becomes moot when a prisoner is released from custody before the court has addressed the merits of the petition. Lane v. Williams, 455 U.S. 624, 102 S.Ct. 1322, 71 L.Ed.2d 508 (1983); Scott v. Holt, 297 F. App'x 154 (3d Cir. 2008) (nonprecedential).

The relevant inquiry in such a scenario becomes whether the case still presents a case or controversy under Article III, § 2, cl. 1 of the United States Constitution. Spencer v. Kemna, 523 U.S. 1, 7, 118 S.Ct. 978, 983, 140 L.Ed.2d 43 (1998); Rendell v. Rumsfeld, 484 F.3d 236, 240 - 42 (3d Cir.

2007). This means that, throughout the litigation, an actual controversy, possible of redress by a favorable judicial decision must exist. United States v. Kissinger, 309 F.3d 179, 180 (3d Cir. 2002). The crucial issue is whether the petitioner can demonstrate the existence of collateral consequences, i.e., "some concrete and continuing injury other than the now-ended incarceration or parole." Spencer, 523 U.S. at 7, 118 S.Ct. at 983. Collateral consequences are presumed to exist when a habeas petition challenges his underlying criminal conviction. Id. at 7 - 8, 118 S.Ct. at 983. By contrast, collateral consequences are not presumed in challenges to the execution of sentence where the offender is conditionally released from imprisonment by parole, mandatory release, or good time earned while incarcerated. Id. at 12 - 14, 118 S.Ct. at 985 - 986.

Respondent has filed a suggestion of mootness, citing Inarrito's release from prison. (Doc. 12.) Once Inarrito was released from prison, his good time credits ceased to have any effect "either to shorten the period of supervision or to shorten the period of imprisonment which the inmate may be required to serve for violations of parole or mandatory release." 28 C.F.R. § 2.35(b)(2012); see also 28 C.F.R. § 523.2(c). Under these circumstances, Inarrito cannot demonstrate any continuing collateral consequences or injury

because his release eliminates the Court's ability to grant him any relief.

As no live controversy remains, the Court will dismiss Inarrito's petition for writ of habeas corpus as moot. See Holt, 297 F. App'x at 156.

An appropriate Order will be entered.

DATED: FEBRUARY 23rd, 2018

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge